IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CITIBANK, N.A. AS TRUSTEE FOR
BNC MORTGAGE LOAN TRUST
2007-3, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-3,

        Plaintiff,        No. 2:12-cv-00499 MCE KJN PS

   v.

JOSEPH F. COREY; and DOES 1 to 6,
inclusive,

        Defendants.        FINDINGS AND RECOMMENDATIONS
_____/

        Presently before the court is plaintiff's motion to remand this unlawful detainer action to the Superior Court of California for the County of Sacramento ("Superior Court") (Dkt. No. 3).[1] Defendant failed to file a written opposition to plaintiff's motion to remand.

        Because oral argument would not materially aid the resolution of the pending motion, this matter is submitted on the briefs and record without a hearing. See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g). Having reviewed the moving papers and record in this case, the undersigned recommends that plaintiff's motion to remand be granted and that this case be

---

[1] This action proceeds before this court pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

remanded to the Superior Court on the grounds that this court lacks federal subject matter jurisdiction over plaintiff's unlawful detainer claim. As a result of this conclusion, the undersigned does not address plaintiff's argument premised on abstention principles.

I.   BACKGROUND

On January 23, 2012, plaintiff filed a complaint in the Superior Court entitled "Complaint For Unlawful Detainer . . . Amount Demanded Does Not Exceed $10,000.00" ("Complaint"), seeking to recover possession of the subject residential property located in Galt, California. (Compl. at 1 & ¶ 1(b), attached as Ex. B to Naiman Decl., Dkt. No. 3, Doc. No. 3-2; see also Naiman Decl. ¶ 8.) The Complaint alleges that plaintiff purchased the subject property at a "trustee's sale following foreclosure proceedings," that title under the sale was duly perfected in plaintiff, and that plaintiff is the owner of the property and is entitled to immediate possession of the property. (Compl. ¶¶ 4-5; see also Naiman Decl. ¶ 5.) It further alleges that plaintiff provided defendant, who allegedly continued to live at the property at the time the Complaint was filed, with notice to vacate the premises and deliver possession of the property within three days. (Compl. ¶¶ 6, 8-9 & Ex. A; see also Naiman Decl. ¶ 6.) Plaintiff alleges that defendant failed to vacate and deliver possession. (Compl. ¶¶ 7, 9; see also Naiman Decl. ¶ 7.) Through this action, plaintiff seeks: (1) restitution and possession of the subject property, (2) damages at a rate of at least $50.00 per day from January 18, 2012 through entry of judgment; and (3) costs. (Compl. at 3.)

While this case was proceeding in the Superior Court, defendant filed a demurrer to plaintiff's Complaint, which was overruled by the Superior Court on or about February 23, 2012. (Naiman Decl. ¶¶ 13.-14) Rather than file an answer to the Complaint, as ordered by the Superior Court, plaintiff removed the case to federal court. (Id. ¶¶ 14-15 & Ex. D; see also Notice of Removal, Dkt. No. 1.)

Defendant removed this unlawful detainer action on February 27, 2012, pursuant to 28 U.S.C. § 1441, asserting that this court has subject matter jurisdiction over plaintiff's claim

pursuant to 28 U.S.C § 1331.  (Notice of Removal ¶¶ 6, 10.)  Specifically, defendant asserts that this court has federal question jurisdiction based on the "Protecting Tenants at Foreclosure Act [12 U.S.C. § 5220]," and contends that plaintiff failed to provide him with a sufficient 90-day notice to quit as required by that legislation.  (See Notice of Removal ¶ 8.)  Although plaintiff's Notice of Removal does not specifically assert that this court has subject matter jurisdiction based on the diversity jurisdiction statute, 28 U.S.C. § 1332(a), it asserts in passing that the action was removable on the basis of "28 U.S.C. § 1441 and/or (b)."  (Id. ¶ 6.)

On March 7, 2012, plaintiff filed and noticed its motion to remand (Dkt. No. 3).  Plaintiff argues that this court lacks subject matter jurisdiction over its single unlawful detainer claim.

## II. LEGAL STANDARDS

In relevant part, the federal removal statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

28 U.S.C. § 1441(a).  "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009), cert. denied, 131 S. Ct. 65 (2010).  "The removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance" Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010) (citation and quotation marks omitted).

## III. DISCUSSION

As noted above, defendant removed this action to federal court on the basis of this court's federal question jurisdiction, and hinted in the Notice of Removal that the removal might have been based on the diversity jurisdiction statute.  Whether premised on a federal question or diversity of citizenship, the court lacks subject matter jurisdiction over plaintiff's single claim of

3

unlawful detainer, which is premised on California law, filed as a "limited civil action," and seeks less than $10,000.[2]

  A.  Removal Premised on Federal Question Jurisdiction

  Defendant's Notice of Removal asserts that removal is proper on the basis of the court's federal question jurisdiction. (See Notice of Removal ¶¶ 6, 10.) District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091; see also Ultramar Am. Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990) ("Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint."). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint *as of the time the removal petition was filed*. Jurisdiction is based on the complaint as originally filed . . . ." Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002)

---

[2] The undersigned notes that a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). Because subject matter jurisdiction may not be waived by the parties, a district court must remand a case if it lacks jurisdiction over the matter. Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) (citing Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

(citation and quotation marks omitted).

Here, plaintiff filed its Complaint in the Superior Court asserting a single claim for unlawful detainer premised solely on California law. Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint. See, e.g., U.S. Bank Nat'l Ass'n v. Tyler, No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12, 2010) (unpublished) (concluding that a single claim for unlawful detainer under state law does not provide a basis for federal question jurisdiction); OneWest Bank FSB v. Ignacio, No. CIV S-10-1683 JAM DAD PS, 2010 WL 2696702, at *2 (E.D. Cal. July 6, 2010) (unpublished) (same); IndyMac Federal Bank, F.S.B. v. Ocampo, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (unpublished) (same); HSBC Bank, N.A. v. Bryant, No. 09-CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (unpublished) (same).

Despite the fact that defendant failed to oppose plaintiff's motion to remand, the undersigned briefly addresses defendant's suggestion in his Notice of Removal that this court has subject matter jurisdiction over plaintiff's claim because plaintiff's three-day notice to vacate the premises allegedly violated the Protecting Tenants At Foreclosure Act of 2009, Pub. L. No. 111-22, § 702, 123 Stat. 1660 (2009) (the "Act"). (See Notice of Removal ¶ 8.) Insofar as defendant's argument is concerned, the Act provides protections to tenants who reside in properties subject to foreclosure, including the requirement that a 90-day notice to vacate be given to bona fide tenants. See SD Coastline LP v. Buck, No. 10CV2108 MMA (NLS), 2010 WL 4809661, at *1 (S.D. Cal. Nov. 19, 2010) (unpublished).

Federal courts have consistently rejected attempts to premise federal subject matter jurisdiction on the 90-day notice provision provided in the Act. See, e.g., Parkland Sec., Inc. v. Carey, Civ. No. S-11-3281 GEB GGH PS, 2012 WL 159621, at *2 (E.D. Cal. Jan. 18, 2012) (unpublished), adopted by 2012 WL 458433 (E.D. Cal. Feb. 10, 2012) (unpublished); Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D.

Cal. Nov. 22, 2010) (unpublished); SD Coastline LP, 2010 WL 4809661, at *2-3; Aurora Loan Servs., LLC v. Martinez, No. C10-01260 HRL, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010) (unpublished). Such rejection is based on the fact that an argument relying on the Act's notice provision is an attempt to premise this court's subject matter jurisdiction on a defense or a counterclaim. An anticipated defense or counterclaim cannot establish a federal question because such a defense or counterclaim does not appear on the face of the complaint.[3] See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (stating that federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); accord Takeda v. Nw. Nat'l Life Ins Co., 765 F.2d 815, 822 (9th Cir. 1985); see also Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."); SD Coastline LP, 2010 WL 4809661, at *2-3 (concluding that unlawful detainer defendant's claim or defense based on the Protecting Tenants at Foreclosure Act of 2009 cannot serve as a basis for removal jurisdiction).

In short, no federal question is present on the face of plaintiff's Complaint. Accordingly, 28 U.S.C. § 1331 does not provide this court with subject matter jurisdiction over plaintiff's single claim for unlawful detainer brought pursuant to California law.

B.  Removal Premised on Diversity Jurisdiction

Defendant's Notice of Removal does not expressly or clearly allege that this case was removed on the basis of the court's diversity jurisdiction, but references 28 U.S.C. § 1441(b), which provides certain rules regarding removal based on diversity of citizenship. Out of an abundance of caution, and because plaintiff attacks any such basis for subject matter

---

[3] Additionally, federal district courts have concluded that the Protecting Tenants at Foreclosure Act of 2009 does not create a federal private right of action, but provides directives to state courts. See, e.g., Deutsche Bank Nat'l Trust Co. v. Jora, No. CIV S-10-1617 MCE EFB PS, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010) (unpublished); Zalemba v. HSBC Bank, USA, Nat'l Ass'n, No. 10-cv-1646 BEN (BLM), 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010) (unpublished).

1  jurisdiction in its motion to remand, the undersigned addresses this potential basis for subject
2  matter jurisdiction.

3        District courts have diversity jurisdiction over "all civil actions where the matter
4  in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the
5  action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects
6  of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign
7  state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of
8  different States." 28 U.S.C. § 1332; see also Geographic Expeditions, Inc., 599 F.3d at 1106.

9        Generally, in an action where subject matter jurisdiction is premised on the
10 diversity statute, there must be complete diversity of the parties, which means that all of the
11 plaintiffs have a different state of citizenship than all of the defendants. See, e.g., Cook v. AVI
12 Casino Enters., Inc., 548 F.3d 718, 722 (9th Cir. 2008). Here, the Notice of Removal does not
13 allege the citizenship of any of the parties to the action. Accordingly, defendant failed to meet
14 his burden to show that removal premised on the diversity statute was proper.

15       Even assuming that the parties are completely diverse, this court lacks diversity
16 jurisdiction over this matter because defendant failed to demonstrate that the amount in
17 controversy exceeds $75,000. When a state court complaint affirmatively alleges that the amount
18 in controversy is less than the jurisdictional threshold, the party seeking removal must prove with
19 "legal certainty" that the jurisdictional amount is met. See Lowdermilk v. U.S. Bank Nat'l
20 Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007).

21       Here, the face of the Complaint unequivocally states that the "amount of damages
22 claimed in this action does not exceed $10,000.00," and therefore this action falls below the
23 jurisdictional minimum. (Compl. ¶ 1(c).) Additionally, plaintiff filed this unlawful detainer
24 action as a "limited civil action," which necessarily means that the "whole amount of damages
25 claimed is twenty-five thousand dollars ($25,000) or less." Cal. Civ. Proc. Code § 86(a)(4). In
26 light of these facts, and the absence of any contrary evidence or argument by defendant, the

1  undersigned concludes that defendant has not met his burden to show with "legal certainty" that
2  this court can maintain diversity jurisdiction over this action. Accordingly, the undersigned
3  recommends that this action be remanded to the Superior Court. See GMAC Mortgage, LLC v.
4  Martinez, No. CV 10-02882 MMM (PLAx), 2010 WL 1931268, at *4 (C.D. Cal. May 10, 2010)
5  (unpublished) (remanding unlawful detainer action to state court where plaintiff filed action as a
6  limited civil action with an affirmative demand of less than $10,000); accord Wells Fargo Bank,
7  N.A. v. Cencil, No. C-10-01169 EDL, 2010 WL 2179778, at *3 (N.D. Cal. May 27, 2010)
8  (unpublished), adopted by 2010 WL 2464823 (N.D. Cal. June 11, 2010) (unpublished); U.S.
9  Bank Nat'l Ass'n v. Lasoff, No. CV 10-00235 MMM (Rcx), 2010 WL 669239, at *5 (C.D. Cal.
10 Feb. 23, 2010) (unpublished); U.S. Bank Nat'l Ass'n v. Bravo, No. CV 08-7736-GW(RCx),
11 2009 WL 210481, at *2-3 (C.D. Cal. Jan. 23, 2009) (unpublished); Deutsche Bank Nat'l Trust
12 Co. v. Sitanggang, No. 1:09cv01835 AWI DLB, 2010 WL 144439, at *2 (E.D. Cal. Jan. 11,
13 2010) (unpublished); HSBC Bank USA v. Ramirez, No. CV 08-05638-RGK (CWx), 2008 WL
14 4724055, at *2 (C.D. Cal. Oct. 21, 2008) (unpublished).

IV.  CONCLUSION

For the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to remand (Dkt. No. 3) be granted and that this matter be remanded to the Superior Court of California, County of Sacramento.

2. This case be closed and all dates be vacated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d).

Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

DATED: April 25, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE